IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:12-cv-5485 |
| TAXWORKS, INC., | ) ) Judge Norgle |
| Defendant. | ) ) |

TAXWORKS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO CLASS ACTION COMPLAINT

Defendant TaxWorks, Inc. ("TaxWorks"), by its attorneys, answers the Plaintiff's Class Action Complaint and asserts its affirmative defenses as follows:

ANSWER TO CLASS ACTION COMPLAINT

1. Plaintiff Nicholas Martin brings this action against TaxWorks, Inc. ("TaxWorks") and H&R Block, Inc. ("H&R Block") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") arising out of improper and unsolicited autodialed and prerecorded telemarketing calls to plaintiff's cellular telephone.

ANSWER: TaxWorks admits that Plaintiff Nicholas Martin ("Plaintiff") purports to bring this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). TaxWorks denies that it is liable to Plaintiff or any member of the purported class.

[JURISDICTION AND VENUE]

2. The Court has federal question jurisdiction over these TCPA claims. Venue is proper because a substantial portion of the events complained of occurred in this District.

ANSWER: TaxWorks admits that the Court has federal question jurisdiction over Plaintiff's TCPA claim against TaxWorks. TaxWorks admits that venue for Plaintiff's TCPA claim against TaxWorks is proper in this District.

## [PARTIES]

3. Plaintiff is an individual who resides in this District. Plaintiff's cellular telephone number is 630-xxx-3271. This number is on the FTC do not call list.

**ANSWER:** **TaxWorks lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

4. H&R Block, Inc. is one of the largest tax preparation companies in the United States. Its headquarters are in Kansas City, Missouri. It does business in this District. TaxWorks, Inc. is owned and operated by H&R Block, Inc.

**ANSWER:** **TaxWorks denies the allegations contained in this paragraph.**

## [FACTS]

5. The TCPA prohibits the use of "automatic telephone dialing systems" to call cellular telephones.

**ANSWER:** **TaxWorks admits that this paragraph purports to quote from and summarize portions of the TCPA, but denies that Plaintiff's quotation and summary are either complete or accurate and TaxWorks respectfully refers the Court to the statute for its true and complete contents.**

6. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011) (emphasis original).

**ANSWER:** **TaxWorks admits that this paragraph purports to quote from the indicated opinion, but denies that this quotation is either complete or accurate and TaxWorks respectfully refers the Court to the opinion for its true and complete contents.**

7. Defendants used (a) an automatic telephone dialing system and (b) an artificial or prerecorded voice, to call plaintiff and the class.

**ANSWER:** **TaxWorks admits the allegations of this paragraph with respect to Plaintiff, but denies the allegations of this paragraph with respect to the purported class and further denies that this action meets the mandatory prerequisites for a class action, or that this case**

**is appropriate for class treatment.**

8. On or about May 31, 2012 at 12:55 pm central standard time, plaintiff received a telephone call on his cell phone from caller ID 801-529-9117. Upon information and belief, defendant or someone on its behalf made this call.

**ANSWER: TaxWorks lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

9. Defendant initiated the call with a prerecorded message that stated that the call was being made on behalf of TaxWorks professional software.

**ANSWER: TaxWorks lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

10. The prerecorded message then invited plaintiff to attend an unspecified seminar.

**ANSWER: TaxWorks lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

11. Plaintiff pressed "1" to speak with a representative, and was connected with a male representative, who began the conversation by saying, "Tax Works Sales."

**ANSWER: TaxWorks lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

12. When plaintiff inquired, the representative stated that TaxWorks had placed the call.

**ANSWER: TaxWorks lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

13. The call to plaintiff was completely unsolicited. Plaintiff has never given his

cellular telephone number to H&R Block or TaxWorks as to the subject matter of this call.

**ANSWER:** **TaxWorks lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, therefore, denies those allegations.**

14. Plaintiff and the class have been substantially damaged by defendants' calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded telemarketing); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

**ANSWER:** **TaxWorks denies the allegations contained in this paragraph.**

### [COUNT I – TCPA]

15. Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER:** **TaxWorks restates and incorporates its responses to Paragraphs 1 through 14 above as if fully restated herein.**

16. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system, and it is also a violation of that section to call a person's cellular telephone using an artificial or prerecorded voice.

**ANSWER:** **TaxWorks admits that this paragraph purports to summarize portions of the TCPA, but denies that Plaintiff's summary is either complete or accurate and TaxWorks respectfully refers the Court to the statute for its true and complete contents.**

17. Defendant called plaintiff and the class using *both* an automatic telephone dialing system *and* an artificial or prerecorded voice.

**ANSWER:** **TaxWorks is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.**

18. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system.

**ANSWER:** **TaxWorks denies the allegations contained in this paragraph.**

19. The defendant's calls were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

**ANSWER:** **TaxWorks denies the allegations contained in this paragraph.**

[CLASS ALLEGATIONS]

20. Plaintiff brings Count I on behalf of a class, which consists of:

> All persons nationwide who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention and/or an artificial or prerecorded voice, where defendant obtained the phone number from some source other than directly from the called party as to the subject matter of the call, where any call was made at any time after July 12, 2008.

**ANSWER:** **TaxWorks admits that Plaintiff purports to seek certification of a class, but TaxWorks denies all other allegations contained in this paragraph and further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.**

21. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

> a. Whether defendant used an automatic telephone dialing system as that term is defined in the TCPA and applicable FCC regulations and orders; and
>
> b. Damages, including whether the violation was willful or knowing.

**ANSWER:** **TaxWorks denies the allegations against it contained in this paragraph, and further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.**

22. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**ANSWER:** **TaxWorks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies**

those allegations. **TaxWorks further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.**

23.  Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

<u>**ANSWER**</u>:  **TaxWorks denies the allegations contained in this paragraph, and further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.**

24.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

<u>**ANSWER**</u>:  **TaxWorks denies the allegations contained in this paragraph, and further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.**

25.  Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

<u>**ANSWER**</u>:  **TaxWorks denies the allegations against it contained in this paragraph, and further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.**

26.  The identity of the class is likely readily identifiable from defendant's records.

<u>**ANSWER**</u>:  **TaxWorks is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.**

27.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

<u>**ANSWER**</u>:  **TaxWorks denies the allegations against it contained in this**

**paragraph, and further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.**

## AFFIRMATIVE DEFENSES

By setting forth these affirmative defenses, TaxWorks does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff.

### First Affirmative Defense
### (Consent)

The claims of Plaintiff and putative class members are barred to the extent that they provided TaxWorks with consent for the alleged calls, including, without limitation, "prior express consent" under the TCPA.

### Second Affirmative Defense
### (Unconstitutional Vagueness and Overbreadth)

Interpretations of the TCPA upon which the Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provision of the Fourteenth Amendment to the United States Constitution.

### Third Affirmative Defense
### (No Duplicative Relief)

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by other plaintiffs in other lawsuits, subjecting TaxWorks to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

### Fourth Affirmative Defense
### (Settlement Credits)

In the event that a settlement is reached between Plaintiff or any other putative class member, on the one hand, and any other person or entity, on the other hand, TaxWorks is entitled

to any settlement credits permitted by law.

### Fifth Affirmative Defense
### (Lack of Control)

Any purported damages to Plaintiff or the purported class members, which TaxWorks continues to deny, are the result of the acts or omissions of persons or entities over whom TaxWorks has neither control nor responsibility.

### Sixth Affirmative Defense
### (Defenses Specific to Class Members)

TaxWorks may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. TaxWorks reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

### Seventh Affirmative Defense
### (Unclean Hands and Estoppel)

Plaintiff and members of the putative class may have unclean hands with respect to the transactions described in the Complaint, and may be otherwise estopped from asserting the claims enumerated therein.

### Eighth Affirmative Defense
### (Excessive Penalties)

The statutory penalties sought by Plaintiff and members of the punitive class are excessive and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provision of the Fourteenth Amendment to the United States Constitution.

### Ninth Affirmative Defense
### (Lack of Standing)

Plaintiff and members of the putative class have suffered no injury and do not have standing to assert TCPA claims against TaxWorks.

## Tenth Affirmative Defense
### (Reservation of Rights)

TaxWorks reserves the right to raise additional defenses to which it may be entitled or which may be developed in the course of discovery.

**WHEREFORE**, TaxWorks respectfully requests that this Honorable Court deny the relief requested in the Plaintiff's Class Action Complaint, dismiss this action in its entirety, grant TaxWorks its costs of suit including reasonable attorneys' fees, and such other and different relief as the Court deems just.

Date: September 10, 2012

Respectfully submitted,

**TAXWORKS, INC.**

By: /s/ Martin B. Carroll
One of Its Attorneys

Martin B. Carroll
**Fox, Swibel, Levin & Carroll, LLP**
200 West Madison Street, Suite 3000
Chicago, IL 60606
Telephone: (312) 224-1200
Telecopier: (312) 224-1201

## **CERTIFICATE OF SERVICE**

      I, Martin B. Carroll, an attorney, depose and state that on September 10, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve electronic notice to all counsel of record.

                                                              s/ Martin B. Carroll