**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | 1:12-cv-5485 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Valdez |
| v. | ) | (by consent) |
| | ) | |
| TAXWORKS, INC. and H&R BLOCK, INC. | ) | JURY DEMANDED |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF UNOPPOSED**
**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**TABLE OF CONTENTS**

**Page No.**

I.    INTRODUCTION ........................................................................................................ 1

II.    NATURE OF THE CASE .......................................................................................... 1

III.    THE PROPOSED SETTLEMENT ........................................................................... 2

    A.    The Settlement Class........................................................................... 2

    B.    The Settlement Fund .......................................................................... 3

    C.    Notice and Settlement Administration............................................... 3

    D.    Opt-Out and Objection Procedures .................................................... 3

    E.    Release ................................................................................................ 4

IV.    ARGUMENT ............................................................................................................ 5

    A.    The Settlement Is Well Within the Range of Possible Approval
         and Therefore Warrants Preliminarily Approval .................................... 5

        1.    All Factors Favor Preliminary Approval.................................... 7

            a.    The settlement provides significant benefits to
                the Settlement Class, particularly in light of the
                uncertainty of prevailing in the litigation ..................................... 7

            b.    This litigation has already involved briefing of
                critical legal issues and expansive and complex
                discovery ........................................................................................ 8

            c.    The settlement resulted from extensive arms-length
                 negotiations and is not the product of collusion.......................... 8

        2.    Plaintiff's Requested Fees Are Reasonable............................... 8

        3.    The Requested Enhancement Award Is Reasonable ............... 9

        4.    The Proposed Class Notice Is Adequate ................................ 10

B.     The Court Should Grant Class Certification for Settlement Purposes ............... 12

    1.    The Rule 23(a) factors are met ............................................................. 13

        a.    The class is sufficiently numerous and joinder is impracticable ................................................................. 13

        b.    The Settlement Class shares many common issues of law and fact ........................................................... 13

        c.    The Plaintiff's claims are typical of the Settlement Class ........... 14

        d.    The Plaintiff and his counsel are adequate representatives ................................................................ 15

    2.    The Rule 23(b)(3) factors are met ........................................................ 15

C.     Scheduling Final Approval Hearing Is Appropriate ............................................ 17

V.    CONCLUSION ................................................................................................. 18

## I. INTRODUCTION

After substantial settlement negotiations and contentious fact-finding, the parties in this Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA") case have reached a proposed class action settlement. <u>Appendix 1</u>. The settlement establishes a fund of between $120,000 and $225,000, that Plaintiff expects will pay class members an estimated $395 per claim. The settlement calls for direct notice by United States Mail to the approximately 906 persons that received calls.

In this motion, Plaintiff seeks preliminary certification of a settlement class, approval of claims procedures, and approval of the proposed form and method of class notice. This memorandum describes in detail the reasons why preliminary approval is in the best interests of the class, and is consistent with Rule 23.

In evaluating the fairness of a proposed class action settlement, the most important consideration is the strength of the plaintiff's case on the merits balanced against the amount offered in the settlement. *Am. Int'l Grp., Inc. et al., v. ACE INA Holdings, et al.,* Nos. 07-cv-2898, 09 C 2026, 2012 WL 651727, at *2 (N.D. Ill. Feb. 28, 2012). While the Plaintiff believes he would secure class certification and prevail on the merits at trial, success is not assured. TaxWorks has vigorously defended this case. The relief provided here—cash payments from the settlement fund—meets and exceeds the applicable standards of fairness. Accordingly, the Court should preliminarily approve the settlement.

## II. NATURE OF THE CASE

The TCPA prohibits the placement of telephone calls to cell phones using any "automatic telephone dialing system," unless the caller has the "prior express consent" of the called party

to make such calls.  47 U.S.C. §227(b)(1)(A)(iii).  Plaintiff alleges that on May 31, 2012, at 12:55 pm, Plaintiff Nicholas Martin received an autodialed and prerecorded call from defendant, which was placed in order to try to sell TaxWorks goods or services. Discovery shows that TaxWorks made similar calls to 906 other persons. Plaintiff alleges that TaxWorks made the call using an "automatic telephone dialing system" and "prerecorded message" as those terms is used in the TCPA. Tax Works' calls were limited to two days: May 31, 2012 and June 26, 2012.

TaxWorks obtained plaintiff and the class members' phone numbers through a Freedom of Information Act request to the Internal Revenue Service. It is plaintiff's position that there was no consent for the call to Plaintiff or the class. Defendant disputes this and contends that it had the express consent of Plaintiff and the class.

The parties have weighed their respective positions on the merits of the case, along with the uncertainties associated with protracted litigation, and reached the settlement proposed here. Both parties request that the Court enter preliminary approval of this settlement.

### III.  THE PROPOSED SETTLEMENT

**A.     The Settlement Class**

The proposed settlement would establish a "Settlement Class" defined as follows:

All persons or business entities (1) who TaxWorks successfully called using its InContact software dialer on May 31, 2012 and/or June 26, 2012, and (2) whose contact information in TaxWorks's database indicated that both (a) the called number was identified as a cellular number and (b) TaxWorks obtained the called number from the Internal Revenue Service via an April 2012 Freedom of Information Act request.

**B.     The Settlement Fund**

The proposed settlement would establish a settlement fund with a cap of $225,000 and

a floor of $120,000. Appendix 1 at ¶ 10.35. Class members that submit claims will receive $395,

unless there are so many class members that payment of $395 to each would, after notice,

administration, fees, class representative award and other settlement costs, make the cost of

the settlement greater than $225,000. In that case, the individual class member award would

reduce pro rata, so that Tax Works does not pay more than $225,000.

**C.     Notice and Settlement Administration**

As noted above, the Settlement Class members are persons or businesses that received

certain calls on their cell phones on May 31, 2012 and/or June 26, 2012. The telephone

numbers that were called were obtained by Tax Works through a Freedom of Information Act

request from the Internal Revenue Service. The FOIA response included not only telephone

numbers, but also names and addresses. Therefore, the administrator will send the notice

attached to the Settlement Agreement by United States Mail to the address from the FOIA, to

each class members. Appendix 1; Exhibit A.

**D.     Opt-Out and Objection Procedures**

Settlement Class members will have an opportunity to exclude themselves from the

settlement, Exhibit A ¶¶ 13-15, or object to its approval. Exhibit A ¶¶ 18-19. The procedures

and deadlines for filing opt-out requests and objections will be conspicuously listed in the

notice.  _Id_.  With regard to objections, the notices inform settlement class members that they

will have an opportunity to appear and have their objections heard by this Court at a Final

3

Approval Hearing.  The notices also inform settlement class members that they will be bound by the release unless they timely exercise their opt-out right. See  Exhibit A, ¶¶ 12-15.

**E.      Release**

The release is narrowly tailored to the claims raised in the case.  In exchange for settlement benefits, Plaintiff and Settlement Class members will release Tax Works and its related companies for claims arising out of the particular calls in this case, only. The precise release, as agreed by the parties, is as follows:

> Plaintiff and each Class Member who is not a Successful Opt Out, each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including bankruptcy trustees in the capacity as parens patriae or on behalf of creditors or estates of the Representative Plaintiff or Class Members) ("Releasing Parties"), will be deemed to have completely released and forever discharged TaxWorks and each of its past and present officers, directors, shareholders, trustees, beneficiaries, members, partners, employees, predecessors, successors in interest, attorneys, agents, assigns, subsidiaries, parent companies, affiliates, accountants and representatives ("Released Parties") from any claim arising out of the calls that are the subject of the Action.

Appendix 1 ¶ 18.

4

## IV.  ARGUMENT

**A.  The Settlement Is Well Within the Range of Possible Approval and Therefore Warrants Preliminarily Approval**

The settlement represents a fair and reasonable resolution of this dispute and is worthy of notice to, and consideration by, the Settlement Class members.  It will provide financial relief to participating Settlement Class members and will relieve the parties of the burden, uncertainty and risk of continued litigation.

Under Rule 23(e)(2), a court may approve a class action settlement if it is "fair, reasonable, and adequate."  A proposed class settlement is presumptively fair where it "is the product of arm's length negotiations, sufficient discovery has been taken to allow the parties and the court to act intelligently, and counsel involved are competent and experienced." H. Newberg & A. Conte, Newberg on Class Actions ("Newberg") § 11:41 (4th ed. 2002); *Goldsmith v. Tech Solutions Co*., No. 92 C 4374, 1995 WL 17009594, at *3 (N.D. Ill. Oct. 10, 1995).

As the Seventh Circuit recognizes, courts generally favor settlements of class actions:

It is axiomatic that the federal courts look with great favor upon the voluntary resolution of litigation through settlement.  In the class action context in particular, 'there is an overriding public interest in favor of settlement.' Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.

*Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 312-13 (7th Cir. 1980) (citations and quotations omitted), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); *Am. Int'l Grp.*, 2012 WL 651727, at *1 ("Federal courts naturally favor

the settlement of class action litigation.") (*quoting Isby v. Bayh,* 75 F.3d 1191, 1196 (7th Cir. 1996)).

District court review of a class action settlement is a two-step process. *In re Northfield Labs., Inc. Sec. Litig.*, No. 06 C 1493, 2012 WL 366852, at *5 (N.D. Ill. Jan. 31, 2012) (*citing In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 346 (N.D. Ill. 2010)). At the preliminary approval stage, the question for this Court is whether the settlement falls well within the "range of possible approval," and is sufficiently fair, reasonable, and adequate to warrant dissemination of notice apprising class members of the proposed settlement and to establish procedures for a final settlement hearing under Rule 23(e). *Id.*; *City of Greenville, et al. v. Syngenta Crop Prot., Inc., et al*., No. 3:10-cv-188-JPG-PMF, 2012 WL 1948153, at *3 (S.D. Ill. May 30, 2012); Newburg, *supra*, § 11.41. If the district court preliminarily approves a class action settlement, it then proceeds to the second step in the review process, the fairness hearing. *In re Northfield Labs*, 2012 WL 366852, at *5; *Manual for Complex Litig.* § 21.633 (4th ed. 2004).

In assessing the fairness, reasonableness and adequacy of a settlement, courts view the facts in the light most favorable to the settlement. *In re Ky. Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, 280 F.R.D. 364, 375 (N.D. Ill. 2011) (*citing Isby*, 75 F.3d at 1199). "[T]he Court must not substitute its own judgment as to the optimal settlement terms for the judgment of the litigants and their counsel." *Id.* (*citing Armstrong*, 616 F.2d at 315). To evaluate fairness at the preliminary approval stage, courts consider the following factors: (1) the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement; (2) the complexity, length and expense of the litigation; (3) the presence of

6

collusion in reaching a settlement; and (4) the stage of the proceedings and the amount of discovery completed. *Id*. (*citing Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 653 (7th Cir. 2006)); *see also Armstrong*, 616 F.2d at 314; *Isby*, 75 F.3d at 1199. Of these considerations, the first is most important. *Synfuel Techs., Inc.,* 463 F.3d at 653.

      1.      **All Factors Favor Preliminary Approval**

          a.      **The settlement provides significant benefits to the Settlement Class, particularly in light of the uncertainty of prevailing in the litigation**

Each class member that returns a claim form is likely to receive $395. This compares extraordinarily favorably to the $500 in damages available for non-willful violations. 47 U.S.C. §227(b)(3); *Holtzman v. Turza*, 718 F.3d 682 (7th Cir. 2013).

courts are split and have either granted or denied class certification in TCPA cases depending upon the facts of the case. *Compare Bridgeview Heath Care Ctr. Ltd. v. Clark*, No. 09 C 5601, 2011 WL 4628744, at *5 (N.D. Ill. Sept. 30, 2011) (granting class certification) *with Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1169 (S.D. Ind. 1997) (denying class certification). If Tax Works were able to present convincing facts to support its position, the Court could have refused to certify the class, leaving only the named Plaintiff to pursue his individual claims." "Settlement allows the class to avoid the inherent risk, complexity, time, and cost associated with continued litigation." *See Schulte v. Fifth Third Bank,* 805 F. Supp.2d 560, 586 (N.D. Ill. 2011) (citation omitted). "If the Court approves the [settlement], the present lawsuit will come to an end and [Settlement Class members] will realize both immediate and future benefits as a result." *Id*. Plaintiff and Settlement Class members will receive their payments now, instead of years from now—or perhaps never. *See id.* at 582.

        **b.**      **This litigation involves briefing of critical legal issues and verified fact-finding.**

The case has required the parties to engage in extensive discussions regarding discovery and the facts of the case, including but not limited to whether key legal issues are dispositive of the case.

        **c.**      **The settlement resulted from extensive arms-length negotiations and is not the product of collusion**

The requirement that a settlement be fair is designed to protect against collusion among the parties. *Mars Steel Corp. v. Cont'l Ill. Nat'l. Bank & Trust Co. of Chicago*, 834 F. 2d 677, 684 (7th Cir. 1987) (approving settlement upon a finding of no "hanky-panky" in negotiations). There is an initial presumption that a proposed settlement is fair and reasonable when it was the result of arms-length negotiations. Newberg, *supra*, § 11:42. Here, the proposed settlement was negotiated through arms-length negotiations under the supervision of an experienced federal Magistrate Judge.

Counsel for the parties are particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases. In negotiating this settlement, Plaintiff's counsel had the benefit of years of experience with class actions in general and a familiarity with the facts of this case. Appendix 2, Declaration of Alexander H. Burke. The fact that Plaintiff achieved an excellent result for the Settlement Class despite facing significant procedural and substantive hurdles is a testament to the non-collusive nature of the proposed settlement.

        **2.**      **Plaintiff's Requested Fees Are Reasonable**

Pursuant to the Settlement Agreement, Plaintiff's counsel seeks $74,992.50 for attorney's fees and litigation costs, which represents approximately one-third of the total settlement fund available to the class.

The requested fee is reasonable under the circumstances of this case. In the Seventh Circuit, "courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001) (citing cases). Plaintiff's counsel have achieved an excellent result for the Class in a relatively short period of time. The majority of the Fund will be distributed as monetary awards to Settlement Class members.

Further, although Plaintiff's counsel are confident in their ability to succeed at class certification and at trial, success is by no means guaranteed. Because Plaintiff's counsel agreed to prosecute this case on contingency with no guarantee of ever being paid, they faced substantial risk should they proceed to trial. Finally, the fee is also in line with those approved in other TCPA cases. *Holtzman v. Turza*, 718 F.3d 682 (7th Cir. 2013) (assuming without deciding that one-third is the appropriate fee for TCPA case that went to class judgment).

Prior to final approval, Plaintiff's counsel will file a separate motion for award of attorneys' fees and costs, addressing in greater detail the facts and law supporting their fee request in light of all of the relevant facts.

### 3. The Requested Enhancement Award Is Reasonable

Enhancement awards for class representatives like the one requested here are appropriate. Such awards, which serve as premiums in addition to any claims-based recovery from the settlement, promote the public policy of encouraging individuals to undertake the

responsibility of representative lawsuits. *See Cook v. Niedert*, 132 F.3d 1004 (7th Cir. 1998) (approving incentive award of $25,000 to named plaintiff); *In re Ky. Grilled Chicken Coupon Mktg. & Sales Practices Litig*., 280 F.R.D.at 382–83 (approving incentive award to named plaintiffs because their efforts significantly benefitted the class); *see also* Manual for Compl. Lit. § 21.62 n. 971 (incentive awards may be "merited for time spent meeting with class members, monitoring cases, or responding to discovery"). Such awards are generally proportional to the representatives' losses or claims, and can range from several hundred dollars to many thousands of dollars.

Here, Plaintiff's requested enhancement award of $20,000 is appropriate. Unlike unnamed Settlement Class members, who will enjoy the benefits of the representatives' efforts without taking any substantive action, Plaintiff Martin participated in mediation, exposed himself to Tax Works' discovery requests, committed himself to all the rigors of litigation in the event the case did not settle, and subjected himself to all the obligations of named parties.

### 4. The Proposed Class Notice Is Adequate

Under Rule 23(c)(2), class members are entitled to notice of any proposed settlement and an opportunity to object or opt out before it is finally approved by the Court. *Manual for Complex Litig*. § 21.31 (4th ed. 2004). The advisory committee note to Rule 23 states that the "mandatory notice pursuant to subdivision (c)(2) . . . is designed to fulfill requirements of due process to which the class action procedure is of course subject." Fed. R. Civ. P. 23(d)(2) advisory committee's note.

The Seventh Circuit has explained, "in recognition of the potential divergence of interests within the class, each class member in actions for money damages is entitled as a

matter of due process to personal notice and an opportunity to opt out of the class action . . . .

Accordingly, Rule 23(c)(2) guarantees those rights for each member of a class certified under

Rule 23(b)(3)." *Shurland v. Bacci Cafe & Pizzeria on Ogden, Inc.*, 271 F.R.D. 139, 144 (N.D. Ill.

2010) (quoting *Lemon v. Int'l Union of Operating Eng'rs, Local No. 139, AFL–CIO*, 216 F.3d 577,

580 (7th Cir. 2000)).  Rule 23(c)(2)(B) states for class actions such as this one, "the court must

direct to class members the best notice that is practicable under the circumstances, including

individual notice to all members who can be identified through reasonable effort," and explain

the details of the action to those members, including the opportunity to opt out.  Fed. R. Civ. P.

23(c)(2)(B) (emphasis added).

The Court must simply make certain that class members receive "the best practicable

notice that is: 'reasonably calculated, under all the circumstances, to apprise interested parties

of the pendency of the action and afford them an opportunity to present their objections.'"

*F.C.V., Inc. v. Sterling Nat'l. Bank*, 652 F. Supp. 2d 928, 944 (N.D. Ill. 2009) (Rule 23(b)(3) class)

(quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985)).  Here, notice is being mailed

to addresses for the class members. Courts have "broad discretion in fashioning the notice

program in each particular case," *Mangone v. First USA Bank*, 206 F.R.D. 222, 232 (S.D. Ill. 2001)

(Rule 23(b)(3) class), "subject only to the broad 'reasonableness' standards imposed by due

process." *Simer v. Rios*, 661 F.2d 655, 686 (7th Cir. 1981) (Swygert, J., dissenting) (Rule 23(b)(3)

class) (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975)).

Here, each class member will receive direct notice by United States Mail. This is the gold

standard for notice in any class settlement, and easily satisfies the requirements of Rule 23 and

Due Process.

The substance of the proposed notice plan is consistent with the due process requirements incorporated in Rule 23(c)(2)(B).  The notice itself is clear and straightforward, and provides Settlement Class members with enough information to evaluate whether to participate in the settlement. Exhibit A. The notice contains all of the information required by Rule 23(c)(2)(B)(i)-(vii): the nature of the action; the class definition; the summary of the class claims and defenses; the ability to enter an appearance; the exclusion rights; the objection rights; and the binding effect of a class judgment on members under Rule 23(c)(3).

This notice plan provides the best notice practicable under the circumstances to all potential class members, and conforms to the guidelines for notice as applied within this Circuit and as mandated by Supreme Court precedent.

**B.      The Court Should Grant Class Certification for Settlement Purposes**

For settlement purposes only, the parties have agreed that the Court may make preliminary findings and enter an order granting provisional certification of the Settlement Class and appoint Plaintiff and his counsel to represent the class.  "The validity of use of a temporary settlement class is not usually questioned."  Newberg, *supra*, § 11:22.  The Manual for Complex Litigation, § 21.612, explains the benefits of settlement classes:

> Settlement classes—cases certified as class actions solely for settlement— can provide significant benefits to class members and enable the defendants to achieve final resolution of multiple suits.  Settlement classes also permit defendants to settle while preserving the right to contest the propriety and scope of the class allegations if the settlement is not approved and, in Rule 23(b)(3) actions, to withdraw from the settlement if too many class members opt out. An early settlement produces certainty for the plaintiffs and defendants and greatly reduces litigation expenses.

For settlement purposes only, the Settlement Class is submitted for certification under Rules

23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The Settlement Class is defined in the

Settlement Agreement.  (Ex. A § II.28)  As detailed below, the Settlement Class meets all of the

applicable certification requirements.

### 1. The Rule 23(a) factors are met

#### a. The class is sufficiently numerous and joinder is impracticable

The Settlement Class as defined meets Rule 23(a)'s numerosity requirement.  Based on

Tax Works' investigation, there are 906individuals who meet the class definition, who are

identifiable and will be sent direct notice.    This class clearly is sufficiently numerous. *See, e.g.*,

*McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002) (a class of forty or more is

generally sufficient to establish numerosity).

#### b. The Settlement Class shares many common issues of law and fact

The Settlement Class satisfies Rule 23(a)(2)'s commonality requirement because all

members are alleged to have received a call from a system, which Plaintiff alleges is an

automatic telephone dialing system on their cellular telephones, without providing their

number directly to Defendant.  These common issues of fact and identical legal claims under

the TCPA are sufficient to show commonality here.  Moreover, Plaintiff and the Settlement

Class members all allegedly suffered the same injury—they received telephone calls allegedly in

violation of the TCPA.  In *Reliable Money Order, Inc., v McKnight Sales Co., Inc.,* 218 F.R.D. 327,

332-33 (E.D. Wis. 2012), the court certified a TCPA class in the litigation context, finding:

> The class in this action asserts the same injury:  faxes sent to the potential class
> members in violation of the TCPA. The events surrounding the transmission of
> each of the faxes are identical. Additionally, determining whether the defendant
> violated the TCPA in relation to one plaintiff will likely answer whether the

13

> defendant violated the TCPA with regard to the remaining 3,313 members of the class. There is a possibility of individual defenses, such as a prior existing business relationship or prior express permission. But generally, the answer to the common question will resolve the class claims. Thus, the court finds that the plaintiff has established commonality.

Likewise, in *Bridgeview Heath Care Ctr. Ltd. v. Clark*, No. 09 C 5601, 2011 WL 4628744, at *5 (N.D. Ill. Sept. 30, 2011) a district court in this District certified a TCPA class, explaining that the same evidence concerning the defendant's advertising campaign applied to the plaintiff's claim as well as the claims of the class members.

Particularly in the settlement context, this case involves common issues of fact and law, including whether the dialer used by Tax Works constituted an automatic telephone dialing system for purposes of the TCPA, whether the messages played were prerecorded under the TCPA, whether TaxWorks had the prior express consent of the called party, and damages. As the Settlement Class members here all were subjected to the same allegedly illegal conduct and suffered the same injury, commonality is satisfied.

### c.      The Plaintiff's claims are typical of the Settlement Class

Typicality exists where the claim involves the same "event, practice or course of conduct that gives rise to the claim of the other class members, and if the claims are based on the same legal theory." *Parker v. Risk Mgmt. Alts., Inc.*, 206 F.R.D. 211, 213 (N.D. Ill. 2002); *see also* Fed. R. Civ. P. 23(a)(3). "Typicality is established when there is a 'sufficient relationship . . . between the injury to the named plaintiff and the conduct affecting the class,' and the claims of the named plaintiff and those of the class 'are based on the same legal theory.'" Newberg, *supra*, § 3:13 (citation omitted).

14

For virtually the same reasons discussed in the preceding section, this element also is met. The Plaintiff's claims are typical of, if not identical to, those of Settlement Class members. All claims arise out of the same telephone calls made by Tax Works during the same time period. The Plaintiff and Settlement Class members were all affected in the same way by this conduct.

### d.    The Plaintiff and his counsel are adequate representatives

Adequacy requires the representative of a class to provide fair and adequate representation of the class. Fed. R. Civ. P. 23(a)(4). Courts in this District have broken this requirement down into three elements: (1) the representative cannot have interests antagonistic to the class; (2) the representative must have a sufficient interest in the outcome of the litigation; and (3) counsel for the representative must have appropriate experience, qualifications, and competency. *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998); *Gammon v. GC Servs. Ltd. P'ship.*, 162 F.R.D. 313, 317 (N.D. Ill. 1995).

Here, the Plaintiff has no interests that are antagonistic to or in conflict with the Settlement Class members he seeks to represent and his alleged injuries are identical to those suffered by Settlement Class members. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 625–26 (1997) (courts look simply at whether the representatives' interests are in any way antagonistic to or in conflict with those of the class members). In addition, it is undisputed that Plaintiff's counsel are active practitioners with substantial experience in consumer law and class action litigation. Appendix 2. The requirements of Rule 23(a) therefore are satisfied.

### 1.    The Rule 23(b)(3) factors are met

15

Rule 23(b)(3) requires that common questions predominate over individual questions, and that the class action device must be the superior method for adjudicating the controversy. The Court must consider these requirement in the context of: (1) the interest of the individual class members in controlling the litigation; (2) the extent and nature of any pending litigation involving the same matters; (3) the desirability of concentrating the litigation of all the members' claims in the forum in which the class action was commenced; and (4) the management difficulties that may be encountered in a class action. *Rahim v. Sheahan*, No. 99 C 0395, 2001 WL 1263493, at *16 (N.D. Ill. Oct. 19, 2001).

As an initial matter, the difficulties of managing a class action are vitiated by this settlement. When "confronted with a request for settlement only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620, *quoted in In re Ky. Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, 280 F.R.D.at 385; *see also Am. Int'l Grp, Inc.*, 2012 WL 651727, at *4, (*quoting Amchem*, 521 U.S. at 622 ("settlement is a factor in the calculus" in determining whether certification is proper)). A class action is the superior method of resolving large scale claims if it will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem,* 521 U.S. at 615.

In this case the individual claims of the class are comprised of calculable statutory damages in amounts that make it uneconomic for individuals to pursue these claims on their own. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) (a class action is the superior method of proceeding when it allows the plaintiffs to pool claims that would be uneconomical

to litigate individually); *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 943 (7th Cir. 2006). Further, the TCPA is not fee-shifting. It is thus unlikely that individuals would invest the time and expense necessary to seek relief through litigation.

In determining the best available method for resolving a dispute, the Court may consider the "improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture,* 503 F.2d 1161, 1164-65 (7th Cir. 1974). In fact, in this case many class members may be unaware of their claims or may not understand their legal rights. *See Henry v. Cash Today, Inc*., 199 F.R.D. 566, 574 (S.D. Tex. 2000). Many others may not have access to competent counsel willing to invest the time and resources necessary to prosecute the claims.

Predominance is satisfied "when there exists generalized evidence that proves or disproves an element on a simultaneous, class-wide basis, . . . [since s]uch proof obviates the need to examine each class member's individual position." *Golon v. Ohio Savs. Bank*, 98 C 7430, 1999 WL 965593, at *4 (N.D. Ill. Oct. 15, 1999). The predominance element has clearly been met here because the claims of the class members, the circumstances under which these claims arise, and the method of proving damages are identical. Indeed, the claims of this case arise from Tax Works' alleged common practice of using an automated dialing system to contact consumers without their consent.

**C.     Scheduling Final Approval Hearing Is Appropriate**

The last step in the settlement approval process is a Final Approval Hearing at which the Court may hear all evidence and argument necessary to make its settlement evaluation. Proponents of the settlement may explain the terms and conditions of the Settlement

17

Agreement, and offer argument in support of final approval. The Court will determine after the Final Approval Hearing whether the Settlement should be approved, and whether to enter a final order and judgment under Rule 23(e). Plaintiff requests that the Court set a date for a hearing on final approval at the Court's convenience, but no earlier than <u>November 10, 2014</u> and schedule further settlement proceedings pursuant to the schedule set forth below:

| DATE | ACTION |
|---|---|
| June 25, 2013 | Preliminary Approval Brief submitted |
| At the Court's Discretion | Preliminary Approval Order Entered |
| Within 20 days of Preliminary Approval Order | Notice Deadline ¶12.2 |
| 75 days after Preliminary Approval Order | Exclusion/Objection Deadline ¶12.7 |
| 80 days after Preliminary Approval Order | Notice Deadline (postmarked-by) ¶12.7 |
| 105 days after Preliminary Approval Order | Final Approval Hearing Date |
| At the Court's Discretion | Final Approval Order Entered |

## V.  CONCLUSION

The proposed class action settlement is fair, reasonable, and adequate. For the foregoing reasons, the proposed settlement is well within "the range of possible approval," and should be approved in all respects.

Respectfully submitted,

<u>Alexander H. Burke</u>

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020

18

Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

# Appendix 1

## Settlement Agreement

# SETTLEMENT AGREEMENT

1.      This Settlement Agreement is between Nicholas Martin ("**Plaintiff**" as defined in paragraph 10.23 below), on behalf of himself and the class he represents ("**Class**" as defined in paragraph 10.7 below) on one hand, and TaxWorks, Inc. ("**TaxWorks**" as defined in paragraph 10.37 below) on the other hand.

## RECITALS

2.      WHEREAS, on July 12, 2012, Nicholas Martin filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division, captioned *Nicholas Martin v. TaxWorks Inc. et al,* Case No. 1:12-cv-05485 (the "**Action**" as defined in paragraph 10.1 below);

3.      WHEREAS, Plaintiff asserted a claim on behalf of himself and a similarly situated class that TaxWorks violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("**TCPA**" as defined in paragraph 10.39 below), and in response TaxWorks denied the material allegations of Plaintiff's complaint, including but not limited to, the allegations that it violated the TCPA;

4.      WHEREAS, TaxWorks denies the allegations made in the Action, and contests all liability with respect to any and all facts and claims alleged in the Action, and further denies that Plaintiff or any member of the Class have suffered any damages, but nevertheless desires to settle the Action finally on the terms and conditions herein set forth for the purposes of avoiding the burden, expense, and uncertainty of litigation, and putting to rest the controversies engendered by the Action and the issues within the scope of the releases set forth below. By agreeing to this Agreement and the Settlement, TaxWorks does not admit any liability with respect to the allegations in Plaintiff's complaint, retract or surrender any of the factual or legal positions it asserted in the Action, or concede the invalidity of those positions;

5.      WHEREAS, contested issues of both law and fact exist concerning the allegations and claims made between the parties in the Action;

6.      WHEREAS, Plaintiff has conducted an investigation into the facts and law and has engaged in settlement negotiations relating to the Action;

7.      WHEREAS, TaxWorks has identified approximately 906 persons or business entities that may fall within the definition of the Class; and

8.      WHEREAS, Plaintiff and his counsel have fully analyzed and evaluated the merits of each party's contentions and the terms of this Agreement as it affects all parties, including the individual members of the Class, and, after taking into account the foregoing along with the risks of litigation, and the

1

likelihood that the Action, if not settled now, will be protracted and expensive, they are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that a settlement is in the best interest of the Class.

9.     NOW THEREFORE, in consideration of the covenants and agreements set forth herein, it is agreed that the Action shall be settled, subject to judicial approval, under the following terms and conditions:

## DEFINITIONS

10.     Definitions

10.1.     "**Action**" means *Nicholas Martin v. TaxWorks Inc. et al,* Case No. 1:12-cv-05485 (N.D. Ill.).

10.2.     "**Agreement**" means this Settlement Agreement.

10.3.     "**Benefit Check**" means the check to be sent to those Class Members who submit a Valid Claim Form and who shall receive consideration under paragraph 15.3 below.

10.4.     "**Claim Form**" means a claim form substantially in the form included in the Class Notice attached as **Exhibit A** (or in a form agreed to by all of the Parties).

10.5.     "**Claim Period**" means the period of sixty (60) days from the initial mailing of Class Notice to the Class by the Settlement Administrator, or as otherwise set by the Court.

10.6.     Claims-related terms – the following terms are defined in paragraph 15.1 below:

> 10.6.1.     "**Claim Distribution List**";
>
> 10.6.2.     "**Claim Eligible Member**"
>
> 10.6.3.      "**Non-Claiming Distribution List**"; and
>
> 10.6.4.     "**Non-Claiming Members**."

10.7.     "**Class**" means all persons or business entities (1) who TaxWorks successfully called using its InContact software dialer on May 31, 2012 and/or June 26, 2012, and (2) whose contact information in TaxWorks's database indicated that both (a) the called number was identified as a cellular number and (b) TaxWorks obtained the called number from the Internal Revenue Service via an April 2012 Freedom of Information Act request. TaxWorks has compiled a list of

2

Class Members. There are approximately 906 persons or business entities in this Class. Persons or entities that are not on the Class Member List are not included in this Agreement or the Settlement.

10.8.   "**Class Counsel**" means Burke Law Offices, LLC.

10.9.   "**Class Member**" means a member of the Class.

10.10. "**Class Member List**" has the meaning specified in paragraph 12.1 below.

10.11. "**Class Notice**" means the mailed notice of the Settlement that is contemplated by this Agreement. Such notice shall consist of a long-form notice and claim form substantially the form attached as **Exhibit A** (or in a form agreed to by all of the Parties).

10.12. "**Class Representative Award**" means the incentive award to the Representative Plaintiff under paragraph 13.6 below.

10.13. "**Court**" means the Honorable Judge Maria Valdez, United States Magistrate Judge for the Northern District of Illinois, and/or such other United States Judge for the Northern District of Illinois to whom the Action may hereafter be assigned.

10.14. "**Disputed Claim**" has the meaning specified in paragraph 12.8 below.

10.15. "**Fairness Hearing**" means the Final Approval Hearing.

10.16. "**Final Approval**" means the last date on which all of the following have occurred:

10.16.1.      The Court has issued all necessary orders under Rule 23 of the Federal Rules of Civil Procedure approving of the Settlement in a manner consistent with the terms and intent of this Agreement (or in a manner agreed to by all of the Parties).

10.16.2.      The Court has entered a judgment finally approving the Settlement of the Action in a manner consistent with the terms and intent of the Agreement ("**Judgment**") (or in a manner agreed to by all of the Parties).

10.16.3.      Either: (i) thirty-five (35) days have passed after entry of the Judgment and within such time, no appeal is taken, or (ii) the date after all appellate remedies are exhausted and the Judgment is upheld, or not altered in a manner that is substantially inconsistent with the Settlement and

3

Judgment, provided that any change or modification that may increase any of TaxWorks's liability or reduce the scope of the Releases or alter the definition of the Class shall be considered as preventing the occurrence of Final Approval, unless TaxWorks waives this condition.

10.17. "**Final Approval Date**" means the date upon which Final Approval occurs.

10.18. "**Final Approval Hearing**" means the hearing scheduled by the Court in accordance with paragraph 11.1 below to complete the tasks identified in paragraph 13 below.

10.19. "**Final Approval Order**" means an order in the same form as the proposed order attached hereto as **Exhibit C** (or in a form agreed to by all of the Parties).

10.20. "**Judgment**" has the meaning specified in paragraph 10.16.2 above.

10.21. "**Parties**" means Representative Plaintiff, the Class and TaxWorks.

10.22. "**per-Class Member Settlement Benefit**" has the meaning specified in paragraph 10.35.1 below.

10.23. "**Plaintiff**" means Nicholas Martin.

10.24. "**Plaintiff's Counsel**" means Burke Law Offices, LLC.

10.25. "**Preliminary Approval**" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement in the same form as the proposed order attached hereto as **Exhibit B** (or in a form agreed to by all of the Parties).

10.26. "**Preliminary Approval Order**" means an order in the same form as the proposed order attached hereto as **Exhibit B** (or in a form agreed to by all of the Parties).

10.27. "**Preliminary Approval Date**" means the date on which the order or orders constituting Preliminary Approval are entered by the Court.

10.28. "**Releases**" shall mean the releases contained in paragraph 18 below.

10.29. "**Released Parties**" has the meaning specified in paragraph 18.1 below.

4

10.30. "**Releasing Parties**" has the meaning specified in paragraph 18.1 below.

10.31. "**Representative Plaintiff**" means Nicholas Martin and any other person who shall be appointed as such.

10.32. "**Settlement**" means the resolution of the matters within the scope of the Releases set forth herein, as embodied in this Agreement.

10.33. "**Settlement Administration Costs**" means the costs for administering the Settlement provided for herein to be paid exclusively from the Settlement Benefits, including but not limited to the costs of mailing Class Notice and claim forms to the Class Members and providing Benefit Checks to Class Members who submit a Valid Claim Form.

10.34. "**Settlement Administrator**" means First Class, Inc.

10.35. "**Settlement Benefits**" means a minimum of one hundred twenty thousand dollars ($120,000) and a maximum of two hundred twenty five thousand dollars ($225,000) that TaxWorks may become obligated to pay by operation of the Settlement, if it gains Final Approval. This is a "common fund" settlement. The Settlement Benefits shall pay for: (1) first, Settlement Administration Costs, (2) second, attorneys' fees and costs to Class Counsel, as approved by the Court, (3) third, incentive awards, if any, to the Representative Plaintiff, and (4) fourth, a Class recovery on a *pro rata* basis to Class Members who submit a Valid Claim Form, as follows:

10.35.1. Each Class Member who submits a Valid Claim Form will be paid a *pro rata* share of the Class recovery (the "**per-Class Member Settlement Benefit**") calculated as follows:

10.35.1.1. The per-Class Member Settlement Benefit is capped at three hundred ninety five dollars ($395).

10.35.1.2. If the per-Class Member Settlement Benefit is less than three hundred ninety five ($395) per Class Member who submits a Valid Claim Form, TaxWorks shall add up to an additional one hundred five thousand dollars ($105,000) to the Settlement Benefits so as to make the per-Class Member Settlement Benefit three hundred ninety five ($395), but in no event shall TaxWorks become obligated to pay more than a total of two hundred twenty five thousand dollars ($225,000).

10.35.1.3. If TaxWorks pays $225,000 but the per-Class Member Settlement Benefit is less than $395, the per-Class Member Settlement Benefit shall be whatever smaller *pro rata* sum as will deplete the $225,000 payment.

5

10.35.1.4.    Notwithstanding paragraph 10.35.1.1 above, if TaxWorks pays $120,000 calculated using a $395 per-Class Member Settlement Benefit, then the per-Class Member Settlement Benefit shall be whatever larger *pro rata* sum as will deplete the $120,000 payment.

10.35.2.    There will not be a *cy pres* award except as to uncashed checks and similar leftover funds.

10.35.2.1.    Provided that there is no increase in the amount of the Settlement Benefits required to be paid by TaxWorks, TaxWorks will not oppose a request for a *cy pres* distribution to Legal Assistance Foundation of Metro Chicago

10.36. "**Successful Opt Out**" means any person or persons who timely and validly exercise their right to opt out of the Settlement and Releases, under paragraph 12.6 below and Federal Rule of Civil Procedure 23, but shall not include (a) persons whose opt outs are challenged by TaxWorks, and the challenge is not overruled by the Court or withdrawn by Defendants, and (b) persons whose communication is not treated as an opt out, as provided in paragraph 12.6 below.

10.37. "**TaxWorks**" means TaxWorks, Inc.

10.38. "**TaxWorks's Counsel**" means Blank Rome LLP.

10.39. "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*

10.40. "**Valid Claim Form**" means a complete submission of a Claim Form that:

10.40.1.    is substantially filled out, meaning that there is a response to every question that the Parties identify as needing to be answered;

10.40.2.    is timely – a Claim Form shall be timely if it is postmarked by the date set for return of Claim Forms as specified in the Class Notice;

10.40.3.    is correct – a Claim Form shall be treated as incorrect if the statements contained thereon are false, or if the Class Member otherwise is not entitled or authorized to be treated as claimed;

10.40.4.    is not successfully challenged under paragraph 12.8 below; and

10.40.5.    is submitted by a person or entity on the Class Member List.

6

10.41. As used herein, the plural of any defined term includes the singular thereof and vice versa, except where the context requires otherwise.

10.42. Other terms defined in the text of the Agreement shall have the meaning given those terms in the text.

## SETTLEMENT PROCEDURES

11.    Preliminary Approval

11.1.   Within fifteen (15) days of the execution of this Agreement by all Parties, Plaintiff and Plaintiff's Counsel shall move the Court for entry of a Preliminary Approval Order substantially in the form of **Exhibit B** hereto (a) preliminarily approving the Settlement memorialized in this Agreement as fair, reasonable, and adequate; (b) certifying the Class for settlement purposes only; (c) setting a date for the Final Approval Hearing; (d) approving and authorizing the dissemination of the proposed Class Notice that is attached as **Exhibit A**; (e) approving the requirement that Class Members may submit a Claim Form, and the form of Claim Form included in the Class Notice attached as **Exhibit A**; (f) setting deadlines for mailing of the Class Notices, submission of Claim Forms, filing of objections, filing of motions to intervene, opting out of the Settlement, and filing papers in connection with the Final Approval Hearing and the consideration of the approval or disapproval of the Settlement; (g) appointing the Plaintiff as Class Representative and Class Counsel as counsel for the provisional settlement Class; (h) appointing the Settlement Administrator; and (i) entering a stay of the Action.

11.2.   TaxWorks will not oppose the entry of a Preliminary Approval Order in the form of **Exhibit B** hereto (or in a form otherwise agreed to by all of the Parties), and Plaintiff will file an unopposed motion in support of Preliminary Approval.

12.    Administration

12.1.   In the event of Preliminary Approval, TaxWorks shall create a list of Class Members ("**Class Member List**") and, as soon as practicable but in no event more than ten (10) business days after Preliminary Approval, deliver it to the Settlement Administrator and to Class Counsel in Microsoft Excel, or similar, format, along with funds sufficient to pay for the notice regime set forth herein.

12.2.   Within twenty (20) business days thereafter, the Settlement Administrator shall mail, or cause to be mailed, to each Class Member the Class Notice together with the Claim Form. TaxWorks shall bear the costs associated

7

with mailing the Class Notice and the Claim Form as part of the Settlement Administration Costs.

12.3.   The Settlement Administrator shall update the Class Member List through the National Change of Address database. The Class Notice then shall be mailed to the updated address for the Class Member, and, if returned, re-mailed once to the forwarding address on the returned Class Notice, if any.

12.4.   There shall be no further duty to take any further steps to provide notice or to attempt to locate Class Members. Nothing herein shall restrict Class Counsel's ability to respond to Class Member inquiries regarding the settlement.

12.5.   The Settlement Administrator shall maintain a copy of the Class Member List for a period of seven (7) years.

12.6.   The Class Notice shall permit each Class Member to elect not to be a part of the Class and not to be bound by this Agreement, if, within such time as is ordered by the Court and contained in the Class Notice, the Class Member mails the request in written form, by first class mail, postage prepaid, and postmarked no later than _____, 2014, to the Claims Administrator at the address specified in the Notice, states their full name, address, telephone numbers, and whether each telephone number is a cellular phone or a residential landline, and includes a statement in the written request for exclusion that they wish to be excluded from the Settlement. ). The Parties shall attempt to agree as to whether a communication from a Class Member is a request to opt out, and shall inform the Court of their position at the Fairness Hearing. TaxWorks or Class Counsel may dispute an opt out or purported opt out and the presentation and resolution of such disputes shall be governed by the identical procedure set forth herein with respect to Disputed Claims in paragraph 12.8 below.

12.7.   Unless the Court directs otherwise, the Class Notice shall provide that the Claim Forms shall be returned to the Settlement Administrator postmarked within sixty (60) days of the mailing of the Class Notice; that objections and motions to intervene filed by any Class Member shall be filed in Court no later than fifty-five (55) days after mailing of the Class Notices, or shall be forever barred; and that requests by any Class Member to opt out of the Settlement be mailed to the Settlement Administrator postmarked no later than fifty-five (55) days after mailing of the Class Notices, or shall be forever barred.

12.8.   Within fourteen (14) days of the final date for postmarking of completed Claim Forms, TaxWorks may challenge any claims (whenever submitted) by any form of written notice to Class Counsel ("**Disputed Claims**"). Such Disputed Claim shall be deemed a Valid Claim Form unless TaxWorks's Counsel, within ten (10) business days of the sending of notice of the objection by TaxWorks, seeks a

ruling by the Court as to whether the objection is valid or whether the objection should be rejected or overruled and the Claim allowed. The Court shall retain jurisdiction to resolve Disputed Claims. Any decision by TaxWorks not to dispute a Claim Form shall not be a waiver, determination, or preclusive finding against TaxWorks as to the truth of any fact in any proceeding.

13.  Final Approval

13.1.  At the time appointed by the Court, Representative Plaintiff shall move the Court for entry of a Final Approval Order substantially in the form of **Exhibit C** hereto (a) finally approving the Settlement and the Agreement as fair, reasonable, and adequate; (b) giving the terms of the Settlement, including the Releases, final and complete effect; (c) finding that all requirements of statute, rule, and Constitution necessary to effectuate this Settlement have been met and satisfied; and (d) otherwise directing the entry by the clerk of final judgment of dismissal on the merits and with prejudice in the Action.

13.2.  TaxWorks agrees not to oppose the entry of a Final Approval Order in the form of **Exhibit C** hereto (or in a form otherwise agreed to by all of the Parties).

13.3.  The Final Approval Order, or a separate order, shall be entered as of the Final Approval Date providing that all Class Members, including Representative Plaintiff, shall be enjoined from commencing, prosecuting, or assisting in any suit against the Released Parties with respect to the fees, charges, conduct, services, acts, or omissions of the Released Parties relating to all matters within the scope of the Releases.

13.4.  At the Fairness Hearing, Representative Plaintiff and Class Counsel shall present sufficient evidence to support the approval of the Settlement as fair, reasonable, and adequate and the entry of the Final Approval Order, and shall present such evidence as they deem appropriate to support any proposed award of attorneys' fees, costs and incentive awards. Representative Plaintiff and Class Counsel shall make application for any awards to them, including awards of attorneys' fees, costs, and incentive awards to be paid from the Settlement Benefits, in writing prior to the Fairness Hearing, at the time that the motion is filed requesting final approval. Defendant shall not object to these applications and shall support them to the extent necessary to effectuate the settlement. Such awards shall be included in the Final Approval Order unless the Court directs it by separate order.

13.5.  Class Counsel agrees not to move for or seek an aggregate award of attorney's fees and litigation costs in excess of $74,992.50, and TaxWorks will not oppose or object to an aggregate award of attorneys' fees and litigation costs so long as it does not exceed $74,992.50. TaxWorks will pay from the Settlement

9

Benefits such attorneys' fees and litigation costs as may be awarded to Class Counsel by the Court upon application under paragraph 13.4 above.

13.6.   Representative Plaintiff agrees not to move for or seek an amount in excess of $20,000, individually, as an incentive award to be paid to him exclusively from, and not in addition to, the Settlement Benefits for his services as class representative. TaxWorks shall not oppose such a request so long as it does not exceed $20,000. TaxWorks will pay from the Settlement Benefits such incentive award approved by the Court upon application under paragraph 13.4 above.

## SETTLEMENT BENEFITS

14.   Subject to the other terms and conditions of this Agreement, if the Settlement achieves Final Approval, the Settlement Administrator shall provide to each "**Claim Eligible Member**," as defined in paragraph 15.1 below, who timely submits a Valid Claim Form a Benefit Check for Settlement Benefits.

15.   In order to effectuate the provision of Settlement Benefits:

15.1.   At least twenty-five (25) days before the Final Approval Hearing, the Settlement Administrator shall prepare: (i) a "**Claim Distribution List**" consisting of the Class Members who (a) submitted a Valid Claim Form, and (b) were not Successful Opt Outs, and (c) were not finally rejected as a Disputed Claim under paragraph 12.8 above; and (ii) a "**Non-Claiming Distribution List**" consisting of Class Members who (a) did not submit a Valid Claim Form, or were finally rejected as a Disputed Claim under paragraph 12.8 above, and (b) were not Successful Opt Outs. The Class Members on the Claim Distribution List shall be the "**Claim Eligible Members**." The Class Members on the Non-Claiming Distribution List shall be the "**Non-Claiming Members**." The distribution lists shall be amended by the Settlement Administrator from time to time as information becomes available. All Claim Eligible Members will be eligible to receive the Settlement Benefits in accordance with the terms of the Settlement, unless otherwise ordered by the Court or agreed by the Parties or unless amended as required herein.

15.2.   As part of the Settlement Benefits, all amounts for attorney's fees and costs and the Class Representative Award shall be delivered from TaxWorks or TaxWorks's Counsel directly to Burke Law Offices, LLC, within ten business (10) days of Final Approval. Also as part of the Settlement Benefits, within ten (10) business days of Final Approval, TaxWorks shall pay any funds remaining due under this Agreement to the Settlement Administrator (except for the above-mentioned payments delivered directly to Class Counsel).

15.3.   As soon as practicable after the Final Approval Date, but in no event more than sixty (60) days after the Final Approval Date, the Settlement

10

Administrator shall mail to every Claim Eligible Member a check in the amount of the per-Class Member Settlement Benefit to which the Claim Eligible Member is entitled hereunder. The per-Class Member Settlement Benefits shall be mailed to the address given by the Claim Eligible Member on the Valid Claim Form.

16.     All Benefit Checks issued pursuant to this Agreement shall bear the legend that they expire if not negotiated within ninety (90) days of their date of their issue. Checks that are not negotiated within ninety (90) days of their date of issue shall be re-issued for good cause and on an individual basis only, but in no event shall a check be re-issued more than one hundred eighty days (180) of its original date of issue.

17.     TaxWorks shall be entitled to all interest on the funds available to pay the Benefit Checks until any such amounts are paid to the Settlement Administrator. Notwithstanding the foregoing, TaxWorks shall be entitled to create a settlement account (or funds) to pay its obligations hereunder, in whole or in part; such accounts or funds are for administrative or legal convenience or requirements of TaxWorks and/or the Settlement Administrator only and do not create any vested or ownership interest on the part of the Plaintiff or any Class Member or any state or other governmental entity. The Parties agree that nothing in this paragraph will prevent the Parties from treating the Settlement Benefits as a "common fund" under Federal Rule of Civil Procedure 23 for purposes of any recovery under the Settlement, including attorneys' fees.

### RELEASES & REPRESENTATIONS

18.     Releases

18.1.   Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the Representative Plaintiff and each Class Member who is not a Successful Opt Out, each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including bankruptcy trustees in the capacity as *parens patriae* or on behalf of creditors or estates of the Representative Plaintiff or Class Members) ("**Releasing Parties**"), will be deemed to have completely released and forever discharged TaxWorks and each of its past and present officers, directors, shareholders, trustees, beneficiaries, members, partners, employees, predecessors, successors in interest, attorneys, agents, assigns, subsidiaries, parent companies, affiliates, accountants and representatives ("**Released Parties**") from any claim arising out of the calls that are the subject of the Action.

11

18.2.   As part of the Final Approval Order, the Action shall be dismissed with prejudice. The Court shall enter a Judgment to that effect.

18.3.   As of the Final Approval Date, Class Counsel shall be deemed to have released and discharged TaxWorks and the Released Parties from all claims for fees, costs, or compensation for the Action, other than those approved in connection with this Settlement.

18.4.   As of the Final Approval Date, TaxWorks and the Released Parties shall be deemed to have released the Representative Plaintiff, each Class Member who is not a Successful Opt Out, and Class Counsel from all claims arising out of maintenance of the Action including, without limitation, all claims for attorneys' fees and costs.

19.   Representations

19.1.   In addition to the provisions hereof, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Federal Rule of Civil Procedure 23(e). Until and unless this Agreement is dissolved or becomes null and void by its own terms or unless otherwise ordered by the Court or if Final Approval is not achieved on terms consistent with the Settlement, Representative Plaintiff, the Class, and Class Counsel represent and acknowledge to each other that they shall in good faith take all appropriate steps in the Action necessary to acquire and preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary Approval and Final Approval of this Agreement as promptly as possible, use their best efforts to resist and oppose any or all objections to the Settlement and any or all attempts to opt out of the Settlement on any basis other than an individual basis, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes (a) the obligation to oppose objections and to defend, protect, and seek enforcement of the Agreement and the Settlement before the Court or before any other court or on appeal, if any; (b) to amend the pleadings and/or seek and obtain the participation of additional plaintiffs, if necessary; (c) to seek approval of this Agreement and of the Settlement by the Court; (d) to move for the entry of the Preliminary Approval Order, Final Approval Order and Judgment, as well as the order contemplated by paragraph 13.3 above; and (e) to join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as are required by TaxWorks, subject to the Representative Plaintiff's consent, not to be unreasonably withheld.

19.2.   Representative Plaintiff and TaxWorks, subject to the last sentence of this paragraph, represent that they or it are fully authorized to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Party covenants, warrants, and

12

represents that he or she is and has been fully authorized to do so by such Party. Each Party hereto further represents that he, she, or it intends to be bound fully by the terms of this Agreement.

19.3.   Representative Plaintiff, Class Counsel and TaxWorks represent that they have not, nor will they, (a) attempt to void this Agreement in any way; (b) opt out of the Settlement under this Agreement; (c) solicit or encourage Class Members to opt out; or (d) solicit or encourage any effort by any person (natural or legal) to object to the Settlement under this Agreement. However, nothing herein shall restrict Class Counsel's duty or ability to provide whatever advice Class Counsel, in its sole discretion, feels appropriate, if contacted by Class Members.

## MISCELLANEOUS PROVISIONS

20.   This Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties hereto, and nothing in this Agreement nor any action taken to effectuate this Agreement is intended to be an admission or concession of liability of any party or third party or of the validity of any claim. TaxWorks denies the allegations in the Action and contend that its conduct has been lawful and proper.

21.   This Agreement is entered into only for purposes of settlement. In the event that Final Approval of this Agreement and this Settlement does not occur for any reason or the Agreement and/or Settlement is terminated as provided herein, this Agreement shall become null and void. In the event the Agreement shall become null and void, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose. Any classes certified or orders entered pursuant to the Settlement shall be null and void, shall not be an adjudication of any fact or issue for any purpose other than the attempted effectuation of this Agreement, and shall not be considered as law of the case, *res judicata*, or collateral estoppel in this or any other proceeding. In addition, the status of the Action shall revert to the state they were in prior to the Settlement, and the agreements contained herein (including the agreement not to oppose the certification of a class) shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of certification, and the Parties shall have all rights, claims, and defenses that they had or were asserting.

22.   This Agreement shall be terminable at the option of any of the Parties (a) if the Successful Opt Outs number more than 5.0% of the Class (and such option shall be exercised, if at all, within twenty (20) business days after the deadline set by the Court for submission of opt outs, unless the date is otherwise extended by order or agreement); (b) in the event the Court fails to enter the Preliminary

13

Approval Order, Final Approval Order or order contemplated by paragraph 13.3 above, or does so in a form different from the forms contemplated by this Agreement (and the entered form is not otherwise agreed to by all of the Parties); (c) if this Agreement becomes null and void in accordance with paragraph 21 above; or (d) as otherwise provided in this Agreement. This Agreement also shall be terminable upon the mutual agreement of the Representative Plaintiff and TaxWorks.

23.     The obligations of TaxWorks with respect to the provision of the Settlement Benefits, its activities with respect to the Class Member List, or its assistance to the Settlement Administration therewith, and its service, acts, or omissions as Settlement Administrator (if any), shall be performed reasonably and in good faith, subject to the further provision that the terms of the Settlement and any Court orders shall control.

24.     This Agreement is intended to and shall be governed as if a contract executed under the laws of the State of Illinois.

25.     The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties with respect to Settlement of the Action, and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. Any modification of this Agreement must be confirmed in a writing signed by Plaintiff's Counsel and TaxWorks's Counsel.

26.     This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties, the Released Parties, and the beneficiaries of the Release, and the Released Parties and the beneficiaries of the Release shall be deemed to be intended third party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

27.     The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

28.     This Agreement shall become effective upon its execution by all of the Parties and counsel for all of Parties. The Parties and their counsel may execute this Agreement in counterparts. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

29.     Although the Court shall enter a Judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.

30. List of Exhibits:

    30.1.   Exhibit A – Class Notice

    30.2.   Exhibit B – proposed Preliminary Approval Order

    30.3.   Exhibit C – proposed Final Approval Order

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

[Remainder of page left intentionally blank. Signature page follows.]

15

**For Plaintiff and the Class:**

_____     Date: 6/26/2014
Nicholas Martin
Class Representative

_____     Date: 7/24/14
Alexander H. Burke
Counsel for the Class
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**For TaxWorks, Inc.**

_____     Date: _____
Authorized Representative
TaxWorks, Inc.


_____
Printed Name and Title


_____     Date: _____
Ana Tagvoryan
Counsel for TaxWorks, Inc.
DLA Piper LLP (US)
2000 Avenue of the Stars
North Tower Suite 400
Los Angeles, CA 90067
(310) 595- 3145
(310) 595-3345 (fax)
joshua.briones@dlapiper.com

16

**For Plaintiff and the Class:**

_____     Date: _____
Nicholas Martin
Class Representative


_____     Date: _____
Alexander H. Burke
Counsel for the Class
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**For TaxWorks, Inc.**

_Kimberly C. Bartels_              Date: _6-26-14_
Authorized Representative
TaxWorks, Inc.

_Kimberly C. Bartels_        _Corporate Counsel_
Printed Name and Title


_____     Date: _____
Ana Tagvoryan
Counsel for TaxWorks, Inc.
DLA Piper LLP (US)
2000 Avenue of the Stars
North Tower Suite 400
Los Angeles, CA 90067
(310) 595- 3145
(310) 595-3345 (fax)
joshua.briones@dlapiper.com

For Plaintiff and the Class:

_____     Date: 6/26/2014
Nicholas Martin
Class Representative

_____     Date: 7/24/14
Alexander H. Burke
Counsel for the Class
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

For TaxWorks, Inc.

_____     Date: _____
Authorized Representative
TaxWorks, Inc.


_____
Printed Name and Title


_____     Date: 7/24/14
Ana Tagvoryan
Counsel for TaxWorks, Inc.
Blank Rome LLP
2029 Century Park East 6th Floor
Los Angeles, CA 90067
(424) 239-3465
(424) 239-3690 (fax)
atagvoryan@blankrome.com

16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- **A settlement will provide between $120,000 and $225,000 to pay claims to persons that TaxWorks, Inc. ("TaxWorks") has identified as having called on their cellular telephones on May 31, 2012 and/or June 26, 2012.**

- **The amount claimants will receive will depend upon the number of persons who submit valid claim forms pursuant to this Notice, but in no event greater than $395 per claimant.**

- **The settlement resolves a dispute over whether such calls to cellular telephones violated the federal Telephone Consumer Protection Act, which prohibits calls to cell phones using an automatic telephone dialing system without the recipient's "prior express consent."**

- **The two sides disagree on whether plaintiff and the class could have prevailed at trial.**

- **Your legal rights are affected whether you act, or don't act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | Receive a payment. |
| EXCLUDE YOURSELF | Receive no payment. This option allows you to participate in other lawsuits against TaxWorks based on the legal claims in this case. |
| OBJECT | Write to the Court about why you don't like the settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| DO NOTHING | Receive no payment. Give up rights. |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

1

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

BASIC INFORMATION ...................................................................................

PAGE __

1. Why did I get this notice?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

WHO IS IN THE SETTLEMENT....................................................................

PAGE __

5. How do I know if I am part of the settlement?
6. Are there exceptions to being included?
7. I'm still not sure if I am included.

THE SETTLEMENT BENEFITS—WHAT YOU GET.................................

PAGE __

8. What does the settlement provide?
9. How much will my payment be?

HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM .................

PAGE __

10. How can I get a payment?
11. When would I get my payment?
12. What am I giving up to get a payment or stay in the Class?

EXCLUDING YOURSELF FROM THE SETTLEMENT...............................

PAGE __

13. How do I get out of the settlement?
14. If I don't exclude myself, can I sue TaxWorks for the same thing later?
15. If I exclude myself, can I get money from this settlement?

THE LAWYERS REPRESENTING YOU..............................................

PAGE __

16. Do I have a lawyer in the case?
17. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT................................................

PAGE __

18. How do I tell the Court that I don't like the settlement?
19. What's the difference between objecting and excluding?

THE COURT'S FAIRNESS HEARING...................................................

PAGE __

20. When and where will the Court decide whether to approve the settlement?
21. Do I have to come to the hearing?
22. May I speak at the hearing?

IF YOU DO NOTHING............................................................

PAGE __

23. What happens if I do nothing at all?

GETTING MORE INFORMATION...................................................

PAGE __

24. Are there more details about the settlement?
25. How do I get more information?

UNDERSTANDING YOUR PAYMENT ............................................

PAGE __

3

# Basic Information

## 1. Why did I get this notice?

You received this notice because records indicate that TaxWorks called a cellular telephone number associated with you using InContact dialing software and/or a pre-recorded message on May 31, 2012 and/or June 26, 2012.

## 2. What is this lawsuit about?

On behalf of himself and a class of similarly situated people, the plaintiff, Nicholas Martin, alleges that TaxWorks made calls to individuals and businesses. The lawsuit alleges that TaxWorks violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), as to any such calls that were made to cellular telephones. The TCPA prohibits the placement of auto-dialed calls to numbers assigned to cell phones without the called party's prior express consent.

## 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Nicholas Martin), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. Magistrate Judge Maria Valdez is presiding over this class action.

## 4. Why is there a settlement?

The Court did not decide in favor of Plaintiff or Defendant. The Plaintiff thinks he could have won the statutory amount of between $500 and $1,500 for each call for each class member had he won at trial. The Defendant thinks the Plaintiff would not have won anything at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the cost of further litigation and trial, and the people involved will get compensation. The Class Representative and all parties involved think that a settlement is the best resolution for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

4

## 5. How do I know if I am a part of the settlement?

Judge Valdez decided that everyone who fits this description is a Class Member:

> All persons or business entities (1) who TaxWorks successfully called using its InContact software dialer on May 31, 2012 and/or June 26, 2012, and (2) whose contact information in TaxWorks's database indicated that both (a) the called number was identified as a cellular number and (b) TaxWorks obtained the called number from the Internal Revenue Service via an April 2012 Freedom of Information Act request.

There are approximately 906 persons or entities that fit the above description, and notices were sent to each of those persons or entities. If you received this notice, then you are a class member.

## 6. Are there exceptions to being included?

You are not a Class Member if your landline, rather than your cell phone, was called, and you are not a class member if you were not called by TaxWorks during the time listed in the above description.

## 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 312-729-5288 for more information.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

## 8. What does the settlement provide?

TaxWorks has agreed to create a settlement fund of between $120,000 and $225,000 to be divided as follows: to all Class Members who send in a valid claim form; to Class Counsel; and to the Settlement Administrator.

## 9. How much will my payment be?

Depending on how many of the class members return claim forms, each claimant may receive more or less money, so your share of the fund will depend on the number of valid claim forms that Class Members send in, and the amounts awarded to the Class Representative, Class Counsel and the Settlement Administrator.

Here's a more detailed explanation of how it works:

5

TaxWorks has agreed to provide class benefits of at least $120,000 and no more than $225,000. All costs of notice, administration, class representative incentive award and attorney's fees for class counsel shall come from this amount. The $120,000 distribution pays for: (a) first, notice and settlement administration expenses; (b) second, for class attorneys' fees and costs; (c) third, for class representative incentive award; (d) fourth, a class recovery on a *pro rata* basis per claiming class member ("Recovery Amount"):

The Recovery Amount is capped at $395 (the "Cap"). In the event that the number of claimants is such that the Recovery Amount to each authorized claimant is less than the Cap, TaxWorks shall add to the $120,000 up to an additional $105,000 so as to make the Recovery Amount to each authorized claimant the Cap, but in no event shall TaxWorks become obligated to pay in the aggregate more than $225,000 as part of the settlement. Thus, the Recovery Amount to each authorized claimant will be lowered below the Cap, *pro rata*, so as to prevent TaxWorks payment in the aggregate from being more than $225,000 total. If only a small number of class members return claim forms, the Recovery Amount could be increased above the Cap.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

| 10. How can I get a payment? |
| --- |

To qualify for payment, you must send in a valid claim form. A claim form is attached to this Notice. Read the instructions carefully, fill out the form, include all the information the form asks for, sign it, and mail it postmarked no later than _____, 2014.

| 11. When would I get a payment? |
| --- |

The Court will hold a hearing on _____, 2014, to decide whether to approve the settlement. If Judge Valdez approves the settlement, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a claim form will be informed of the progress of the settlement on the Settlement Administrator's website. Please be patient.

**12. What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the class and agreeing to the settlement, and that means that you can't sue, continue to sue, or be part of any other lawsuit against TaxWorks based on the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you will agree to a "Release of Claims." The exact release is available in the settlement agreement, which is posted on the website listed herein.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue TaxWorks, on your own, based on the legal issues in this case, then you must take steps to get out of the settlement. This is called excluding yourself—or is sometimes referred to as opting out of the settlement Class.

**13. How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Martin v. TaxWorks, Inc.* Be sure to include your name, address, telephone number, email and your signature. You must mail your exclusion request postmarked no later than _____, 2014 to the following address:

> First Class, Inc.
> Class Action Administration
> 5410 W Roosevelt Rd Ste 222
> Chicago, IL 60644-1479

**14. If I don't exclude myself, can I sue TaxWorks for the same thing later?**

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue TaxWorks in the future based on the legal issues in this case.

**15. If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, do not send in a claim form to ask for any money.

# THE LAWYERS REPRESENTING YOU

## 16. Do I have a lawyer in this case?

The Court asked the law firm of Burke Law Offices, LLC in Chicago, Illinois, to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $74,992.50 to them for attorneys' fees and expenses and payment of $20,000 to Nicholas Martin for his services as Class Representative. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. TaxWorks has agreed not to oppose these fees and expenses. The cost of notice and administration, attorney's fees and costs and service award are deducted from the Settlement Fund.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

## 18. How do I tell the Court that I don't like the settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Martin v. TaxWorks, Inc*. Be sure to include your name, address, telephone number, email address, your signature, and the reasons you object to the settlement. Mail the objection to these three different places postmarked no later than _____, 2014:

| | |
|---|---|
| U.S. District Court<br>Northern District of Illinois<br>Attn. Judge Valdez<br>219 S. Dearborn<br>Chicago, IL 60604 | Alexander H. Burke<br>Burke Law Offices, LLC<br>155 N. Michigan Ave, Suite 9020<br>Chicago, IL 60601 |

143767.00601/95205469v.1

| | |
|---|---|
| Joshua Briones<br>Ana Tagvoryan<br>Blank Rome LLP<br>2029 Century Park East 6th Floor<br>Los Angeles, CA 90067 | |

## 19. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

## 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at ____ AM on _____, 2014, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois, in courtroom 1041. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Valdez will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 21. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 22. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in

*Martin v. TaxWorks, Inc.*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2014, and be sent to all of the addresses in question 18. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

### 23. What happens if I do nothing at all?

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against TaxWorks based on the legal issues released in this case.

10

## GETTING MORE INFORMATION

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Alexander H. Burke, Burke Law Offices, LLC, 155 N. Michigan Ave. Suite 9020, Chicago, IL 60601.

### 24.  How do I get more information?

You can call 312-729-5288 or write to Alexander H. Burke, Burke Law Offices, LLC, 155 N. Michigan Ave. Suite 9020, Chicago, IL 60601.  Please do not contact Defense Counsel or the Court with any questions.

DATE: _____, 2014.

143767.00601/95205469v.1

### *MARTIN V TAXWORKS, INC.*
### SETTLEMENT CLAIM FORM

**Your Information**

1.   Your name: _____

Business Name (if any): _____

2.   Address: _____

City: _____ State: _____ Zip Code: _____

3.   Cellular telephone number: _____

Email: _____

**Certification**

Under 28 U.S.C. § 1746, I declare under penalty of perjury that: By submitting this claim form, I certify that the information I have provided herein is true and correct to the best of my personal knowledge and belief. I also certify that I received one or more telephone calls on my cellular telephone from TaxWorks, Inc. on May 31, 2012 or June 26, 2012. I understand under the Settlement Agreement I am forever releasing and waiving any right to seek compensation or make any claim regarding the automated nature of such telephone call(s) to my cellular telephone.


_____     _____
Date                                       Signature

Return the Claim Form to:

First Class, Inc.
Class Action Administration
5410 W Roosevelt Rd Ste 222
Chicago, IL 60644-1479

**Your mailed claim form must be postmarked on or before _____, 2014.**

YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU. PLEASE RETAIN A COPY FOR YOUR RECORDS. ACCURATE PROCESSING OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME. THANK YOU IN ADVANCE FOR YOUR PATIENCE.

12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NICHOLAS MARTIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:12-cv-5485** |
| | ) | |
| **TAXWORKS, INC.,** | ) | **Magistrate Judge Maria Valdez** |
| | ) | |
| **Defendant.** | ) | |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, this Action is a putative class action under the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq.*,

WHEREAS, Plaintiff has filed an unopposed Motion for Preliminary Approval

of a Class Wide Settlement (the "Motion"), which included a Settlement Agreement[1]

(the "Settlement Agreement") which, together with the exhibits thereto, sets forth

the terms and conditions for the settlement and release of certain claims, on a class

wide basis, against TaxWorks, Inc. ("TaxWorks"), as more fully set forth below;

WHEREAS, the Court having carefully considered the Motion and the

Settlement Agreement and all of the files, records, and proceedings herein, and it

appearing to the Court that upon preliminary examination the Settlement

Agreement appears fair, reasonable and adequate, and that the proposed plan of

notice to the class is the best notice practicable under the circumstances and

consistent with Due Process and Federal Rule of Civil Procedure 23, and that a

---

[1] Unless otherwise defined herein, all capitalized terms have the same definition as set
forth in the Settlement Agreement (ECF 47).

hearing should and will be held after notice to the Settlement Class to confirm that the Settlement Agreement is fair, reasonable, and adequate, and to determine whether a judgment approving settlement and order of dismissal should be entered in this action based upon the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

**Certification of Settlement Class**

2. Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the "Settlement Class" is preliminarily certified, consisting of the following class:

> All persons or business entities (1) who TaxWorks successfully called using its InContact software dialer on May 31, 2012 and/or June 26, 2012, and (2) whose contact information in TaxWorks's database indicated that both (a) the called number was identified as a cellular number and (b) TaxWorks obtained the called number from the Internal Revenue Service via an April 2012 Freedom of Information Act request.

The Court is informed that there are 906 persons in this class.

3. All people and business entities who are members of the Settlement Class are collectively the "Settlement Class Members" or individually a "Settlement Class Member."

4. For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been

2

preliminarily satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the class representative are typical of the claims of the respective classes within the Settlement Class they seek to represent; (d) the class representative will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds, for purposes of settlement only, that: (A) the members of the class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

5.     Under Federal Rule of Civil Procedure 23, and for settlement purposes only, plaintiff Nicholas Martin is hereby appointed class representative and Alexander H. Burke, Burke Law Offices, LLC, 155 N. Michigan Ave., Suite 9020, Chicago, IL 60601, is hereby appointed as Class Counsel.

6.     The foregoing determination regarding class certification is for purposes of settlement only. The Court recognizes that, under the Settlement

3

Agreement, TaxWorks retains the right to dispute that a class may be certified in this case, or that a class is reasonably ascertainable, should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and litigation resumes, this preliminary finding regarding class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

**Notice and Administration**

7.     The Court hereby approves of First Class, Inc. as claims administrator to perform the duties of the Claims Administrator set forth in the Settlement Agreement, including providing Notice to Settlement Class Members, to perform such other functions and duties of the administrator as are set forth in the Settlement Agreement, and to provide such administration services as are reasonably necessary to facilitate the completion of the Settlement.

8.     The Court has carefully considered the plan for notice set forth in the Settlement Agreement, including receiving briefs on the issue of the propriety of the notice. The Court finds that the form and method set forth or identified in the Settlement Agreement of notifying the Settlement Class, and the members thereof, of the Settlement and its terms and conditions constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law, such that the Settlement

4

Agreement and final judgment will be binding on all Class Members.

9.    The Court hereby approves the form, content and requirements of the Class Notice for direct mailing annexed to the Settlement Agreement as Exhibit A. The Court approves the regime for notice set forth in the Settlement Agreement. Claims Administrator shall cause the Class Notice to be mailed on or before _____, 2014, to the 906 individuals that TaxWorks identified as Class Members, which the Court finds constitutes reasonable effort to identify Settlement Class Members for purposes of making individual notice. Class Counsel shall, prior to the Final Approval Hearing, file with the Court proof of mailing of the Class Notice.

10.    Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a claim form in accordance with the instructions provided therein. The Court hereby approves as to form and content the claim form attached to the Settlement Agreement along with the Class Notice as Exhibit A, which shall be included in the direct notice package, and as the Claim Form attached to the Settlement Agreement. All Claim Forms must be postmarked or received by the Claims Administrator no later than _____, 2014.

11.    All costs of providing notice to the Settlement Class, processing claim forms and administering distributions from the Settlement Fund according to a Court-approved procedure in the Final Approval Order, shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

**Exclusion & "Opt-Outs"**

12.    Settlement Class Members shall be bound by all determinations and

5

orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate individual litigation or other proceedings against TaxWorks relating to the claims released pursuant to or covered by the terms of the Settlement.

13.     A Settlement Class Member wishing to make a request for exclusion from the Settlement Class shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than **_____, 2014**, to the Claims Administrator at the address specified in the Notice. In the written request for exclusion, the Settlement Class Member must state their full name, address, telephone numbers, and whether each telephone number is a cellular phone or a residential landline. Further, the Settlement Class Member must include a statement in the written request for exclusion that they wish to be excluded from the Settlement. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No Settlement Class Member, or any person acting on behalf of or in concert or in participation with that Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement Class.

6

14.     Settlement Class Members who opt out of the Settlement will relinquish their rights to benefits under the Settlement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely request to exclude themselves from the class on or before the dates specified herein shall by bound by all terms of the Settlement Agreement and Final Approval Order, regardless of whether they have requested exclusion from the Settlement Agreement.

15.     The Claims Administrator will promptly provide all Parties with copies of any opt-out requests, and Plaintiffs shall file a list of all who have opted out with the Court no later than ten (10) calendar days prior to the Final Approval Hearing.

**Objections**

16.     Any member of the Settlement Class who is not excluded from the Settlement Class and who objects to the approval of the proposed settlement must file with the Court and serve on all Parties a written statement with his or her full name, address, telephone numbers that s/he maintains was called, all grounds for the objection with factual and legal support for the stated objection, the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing, which shall be attached. A member of the Settlement Class may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement

7

and/or the request for attorneys' fees and/or the request for compensation awards to the Class Representatives are required to indicate in their written objection their intention to appear at the Fairness Hearing on their own behalf or through counsel.

17. The Court will consider comments and/or objections to the Settlement, the award of attorneys' fees and reimbursement of expenses, and the service award to the Class Representative only if, on or before _____, 2014, such comments or objections and any supporting papers are filed in writing with the Clerk of this Court. No Settlement Class Member shall be entitled to be heard and no objection shall be considered unless these requirements set forth in this Order are satisfied.

18. Any Settlement Class Member who does not opt out and/or make his objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

**Final Approval Hearing**

19. The Federal Rule of Civil Procedure 23(e) Final Approval Hearing is hereby scheduled to be held before the Court on _____, 2014at _____ am for the following purposes:

(a) to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are met;

8

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)     to consider the application for an award of attorneys' fees, costs, and expenses of Class Counsel;

(e)     to consider the application for incentive awards to the class representatives;

(f)     to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

(g)     to rule upon such other matters as the Court may deem appropriate.

20.     Briefs and papers in support of the final approval of the proposed settlement shall be filed no later than fourteen (14) calendar days before the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and Final Approval Order in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

9

21.     On or before fourteen (14) calendar days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval; (ii) any application for award of attorneys' fees and expenses; and (iii) any application for compensation awards to the Class Representatives. For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Mailed by:**               _____, 2014

**Objection/Exclusion:**                  _____, 2014

**Claim Deadline:**                        _____, 2014

**Final Approval Hearing:**            _____, 2014 at _____ am

22.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**Further Matters**

23.     All discovery and other pretrial proceedings in the Action as between the Plaintiff and TaxWorks are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

24.     Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

25.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement

10

Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

26.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: _____, 2014     _____
                                                               United States Magistrate
                                                               Judge Maria Valdez

WEST\246173777.2

11

143767.00601/95205468v.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-5485 |
| | ) | |
| TAXWORKS, INC., | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendant. | ) | |

## FINAL ORDER OF JUDGMENT AND DISMISSAL

This matter coming to be heard on Plaintiff Nicholas Martin's Unopposed

Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate

notice having been given to the Settlement Class,[1] and the Court having considered

all papers filed and proceedings in this matter, it is HEREBY ORDERED,

ADJUDGED and DECREED as follows:

      1.    This Court has jurisdiction over the subject matter of the Action

and personal jurisdiction over all parties to the Action, including all Settlement

Class Members.

      2.    The Court preliminarily approved the Settlement Agreement by

Preliminary Approval Order dated _____, 2014, and notice was given to all

members of the Settlement Class under the terms of the Preliminary Approval

Order.

---

[1] Unless otherwise defined herein, all capitalized terms have the same definition as
set forth in the Settlement Agreement (ECF ___).

1

3.      The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class and the defendants, and supporting declarations. The Court has also read and considered any written objections filed with the Clerk of the Court by Settlement Class Members. The Court held a hearing on _____, 2014, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on _____, 2014, and that ninety (90) days has passed without comment or objection from any governmental entity. The Court has received no objections from any person regarding this Settlement.

4.      Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. Specifically, the complex legal and factual posture of the Action, and the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator support this finding.

5.      Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following "Settlement Class":

> All persons or business entities (1) who TaxWorks successfully called using its InContact software dialer on May 31, 2012 and/or June 26,

2012, and (2) whose contact information in TaxWorks's database indicated that both (a) the called number was identified as a cellular number and (b) TaxWorks obtained the called number from the Internal Revenue Service via an April 2012 Freedom of Information Act request. TaxWorks has compiled a list of Class Members.

The class is limited to the 906 persons on the list provided by defendant in this matter.

6.     Under Federal Rule of Civil Procedure 23, Nicholas Martin is hereby appointed as class representative and Burke Law Offices, LLC is appointed as Class Counsel.

7.     With respect to the Settlement Class, this Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the class representative, identified above, are typical of the claims of the Settlement Class; (d) the class representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (A) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable

143767.00601/95205466v.1

to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

8.     The Court has determined that the Class Notice given to the Settlement Class members, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Due Process, Federal Rule of Civil Procedure 23, and all applicable law.

9.     The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

10.     The persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Order of Judgment and Dismissal. Annexed hereto as Appendix ___ is a schedule of all such persons excluded from the Settlement Class.

11.     The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

12.     The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff and all Settlement Class members. The Court adjudges that the released

claims described in the Settlement Agreement are released against the Released Parties.

13.     The Court adjudges that the Plaintiffs and all Settlement Class members shall be deemed to have fully, finally and forever released and relinquished their claims against the Released Parties, as specified in the Settlement Agreement.

14.     After the Effective Date, all Class Members, including Representative Plaintiff, are hereby permanently enjoined from commencing, prosecuting, or assisting in any suit against the Released Parties with respect to the fees, charges, conduct, services, acts, or omissions of the Released Parties relating to all matters within the scope of the releases contained in the Settlement Agreement.

15.     The Court further adjudges that upon the Effective Date, the above-described release and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiffs and all other Settlement Class members, and their respective affiliates, assigns, heirs, executors, administrators, successors and agents. The Released Parties may file the Settlement Agreement and/or this Final Order of Judgment and Dismissal in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

143767.00601/95205466v.1

16.     Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and the Settlement Class members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 14 above.

17.     The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $74,992.50. This amount shall be paid from the Settlement Benefits in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Plaintiffs' counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the quantifiable value of the Settlement is at least $120,000. The Court therefore considers the Settlement to provide substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Plaintiffs' counsel. Third, the Court concludes that the Settlement was negotiated at

6

arms' length and without collusion, and that negotiation of the attorney's fees followed agreement on the settlement benefits for Settlement Class Members. Finally, the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

18.     The Court approves the incentive fee payment of $20,000 for Nicholas Martin and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Benefits in accordance with the terms of the Settlement Agreement.

19.     Neither this Final Order of Judgment and Dismissal nor the Settlement Agreement shall be construed or used as an admission or concession by or against either TaxWorks or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any released claims. This Final Order of Judgment and Dismissal is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by TaxWorks or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or TaxWorks.

20.     Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Order of Judgment and Dismissal. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order of Judgment and Dismissal.

143767.00601/95205466v.1

DATED: _____, 2014        _____
United States Magistrate
Judge Maria Valdez